UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-21253-SEITZ

ARNOLD H. SMALLEY III

    Plaintiff,

vs.

ERIC H. HOLDER, JR.,
In His Official Capacity as United States
Attorney General,

    Defendant.

_____/

## AMENDED COMPLAINT
### (UNLAWFUL DISCRIMINATION AND RETALIATION IN FEDERAL EMPLOYMENT)

COMES NOW, Plaintiff Arnold H. Smalley III, by and through counsel, to bring this amended Federal District Court lawsuit against the aforenamed Defendant, and in furtherance hereof states as follows:

### I. JURISDICTION

1. Jurisdiction is vested in this Court pursuant to, *inter alia*, Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000e-16(c), *et seq.*; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, *et seq.*; Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791; the Civil Rights Attorney's Award Act of 1973, as amended, codified at 42 U.S.C.A. Section 1988, *et seq.*; and Title 29, Code of Federal Regulations, Part 1614, *et seq.*, in that Plaintiff Arnold H. Smalley III was subjected to unlawful discrimination on the basis of race (African-American), and color (Black), and was subject to unlawful retaliation for prior protected EEO activities, in the course

1

of Federal employment with the United States Department of Justice ("DOJ"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), as set forth herein.

## II. VENUE

2. Venue is proper before this Court because the primary actions complained of either occurred or were directed within the geographical boundaries of the United States District Court for the Southern District of Florida, and pursuant to 28 U.S.C. Section 1391(e).

## III. PARTIES

3. Plaintiff Special Agent Arnold H. Smalley III is an African-American (Black) male currently domiciled in Tamarac, Florida, and who for all times relevant herein has been employed on a full-time basis as an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency under the United States Department of Justice ("DOJ"). At those times relevant to the subject of this lawsuit, Plaintiff Smalley was assigned for his professional work to the Miami, Florida, Field Division of ATF.

4. Defendant Eric H. Holder, Jr., is the Attorney General of the United States and, as such, is the Defendant in this proceeding only in his official capacity as U. S. Attorney General. Mr. Holder is the senior Executive Branch Federal official responsible for the actions of the United States Department of Justice and its subordinate Agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives. ATF, which is the principal subject of the allegations made herein, has its Headquarters at 99 New York Avenue, N. E., Washington, D. C. 20226.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The bases of this case are Plaintiff's claims against his Federal employer (ATF and DOJ) of unlawful discrimination based upon his race (African-American) and color (Black), and unlawful retaliation because of prior protected EEO activities. During the periods alleged in the

course of this Amended Complaint, Plaintiff Smalley has been employed by ATF as a Special Agent, Grade GS-1811-13, Step 6.

6. By Notice dated January 10, 2008, ATF proposed that Plaintiff Smalley be placed on indefinite suspension (without pay) based on a charge that Plaintiff had allegedly committed a crime for which a term of imprisonment could be imposed. Subsequently, the Agency placed Plaintiff Smalley on indefinite suspension, without pay, effective March 3, 2008. Plaintiff Smalley was then returned to duty in a restricted duty status on May 5, 2008.

7. Plaintiff Smalley timely filed an appeal with the Merit Systems Protection Board (MSPB) on March 12, 2008, contesting his placement on indefinite suspension.

8. Plaintiff Smalley also timely initiated an Equal Employment Opportunity (EEO) Complaint with the ATF Office of Civil Rights (OCR) on April 15, 2008, also addressing his being placed on indefinite suspension without pay. Following a period of informal counseling, Plaintiff Smalley filed a formal EEO Complaint with ATF on or before June 5, 2008.

9. On June 20, 2008, Plaintiff Smalley timely filed a motion to amend his MSPB appeal to include a claim of unlawful discrimination based on race. Subsequently, this motion was granted by the MSPB.

10. On September 19, 2008, the MSPB issued an Initial Decision dismissing Plaintiff Smalley's appeal, with a further determination that the Initial Decision would become final on October 24, 2008.

11. The original United States District Court Complaint in this matter was timely filed on November 24, 2008, within thirty (30) days of the date the MSPB Order became final, pursuant to 5 U.S.C. Section 7702(a) and 7703(b)(2). In this instance, the 30th day fell on the weekend, and the Complaint was filed on Monday, November 24, 2008.

3

12. On March 26, 2009, Plaintiff Smalley was notified by ATF of the intention to impose an additional period of suspension without pay against Plaintiff Smalley of fourteen (14) calendar days. The bases of this alleged suspension included certain allegations initially contained in correspondence to Plaintiff Smalley from ATF originated and presented to Plaintiff in September 2008; which allegations were challenged by Plaintiff Smalley, and were then pending in internal ATF processing for several additional months.

13. In April 2009, Plaintiff Smalley timely contacted his Federal employer with another Complaint of unlawful discrimination based upon race, and additionally based upon alleged reprisal for prior protected EEO activities, regarding the ATF determination to impose the additional suspension for fourteen (14) calendar days without pay against Plaintiff Smalley.

14. A formal EEO Complaint regarding this same matter was timely filed with ATF on May 1, 2009, with acknowledgement of receipt of such formal complaint issued by ATF on May 27, 2009. On October 22, 2009, ATF finally notified Plaintiff Smalley of the Acceptance of Complaint, assigning at that time Docket No. ATF-2009-00308.

15. This second EEO matter is being included in the instant lawsuit through the filing of this Amended Complaint because more than 180 days has now passed following the filing by Plaintiff Smalley of the formal Complaint in the second action, Docket ATF-2009-000308, thereby establishing this Court's jurisdiction to grant relief for Plaintiff Smalley's additional claims.

## V. BACKGROUND

16. Plaintiff Smalley commenced employment with ATF on August 9, 1992, and has performed in a satisfactory manner for over 17 years of Federal law enforcement service.

4

17. On January 10, 2008, ATF proposed Plaintiff Smalley's indefinite suspension from employment, without pay, based upon allegations that Plaintiff Smalley had committed a crime for which a term of imprisonment could be imposed. Such allegation was initiated by local Miami, Florida, police forces, without substantial or proper investigation or review.

18. Plaintiff Smalley submitted detailed written and oral evidence to ATF in rebuttal to this proposed disciplinary action, establishing that the alleged bases of the suspension were grounded in reports falsely generated by Plaintiff's then-estranged wife, who had herself committed crimes associated with the alleged conduct of Plaintiff Smalley. Plaintiff Smalley's substantial rebuttals further demonstrably established that he had committed no such crimes himself.

19. On February 29, 2008, ATF issued to Plaintiff Smalley a letter stating that his indefinite suspension "is warranted and necessary in order to promote the efficiency of the service." This correspondence further stated that such suspension would be "without pay," and was to commence on March 3, 2008.

20. The suspension without pay of Plaintiff did actually commence on March 3, 2008.

21. A few days following the imposition of the indefinite suspension to Plaintiff Smalley, local police forces and the local prosecutor determined that Plaintiff Smalley had committed no crimes; thus, dropping all criminal charges regarding Plaintiff Smalley. To this date, Plaintiff Smalley had never been formally charged, arraigned or subjected to consideration of charges before a Grand Jury.

22. Despite being exonerated of all charges, ATF kept Plaintiff Smalley on indefinite suspension without pay until May 5, 2008, constituting a total of sixty-three (63) days without pay and benefits.

23. As stated previously, this period of suspension without pay was cited by Plaintiff Smalley in claims of mistreatment in Federal employment to the MSPB and also in claims of unlawful discrimination based upon race (African-American) and color (Black) filed with the ATF Office of Civil Rights.

24. Even with the return of Plaintiff Smalley to full-time duty with ATF, the Agency placed Plaintiff Smalley on a restricted duty status in which he was not permitted to engage in meaningful law enforcement activities for an additional prolonged period.

25. Several non-African American Special Agents within the Miami Field Division of ATF, and within other Field Divisions of ATF, however, have been in the same or similar position of Plaintiff Smalley insofar as having been initially charged with criminal activities by other law enforcement entities. In these other instances, such ATF Special Agents were not subjected to an extended period of suspension without pay, nor were they subjected to the demeaning and career limiting restricted duty status while continuing employment with the Agency. Moreover, no such non-African-American Special Agents were subjected to punishments of suspension without pay and restricted duty status even following the determinations by local law enforcement entities to drop all criminal charges, as was Plaintiff Smalley.

26. The extended period of time spent by Plaintiff Smalley on suspension without pay and restricted duty status in 2008 are annotated as disciplinary matters on Plaintiff Smalley's official personnel, disciplinary, financial and security clearance records with ATF, and have jeopardized and will continue to detract from his employment status and professional competencies.

27. On March 26, 2009, and following the filing by Plaintiff Smalley of this lawsuit, Plaintiff Smalley was notified by ATF of the intention to impose an additional period of suspension without pay against Plaintiff Smalley of fourteen (14) calendar days. The bases of this alleged suspension included certain allegations initially contained in correspondence to Plaintiff Smalley from ATF which was originated in September 2008 and which proposed a separate and additional thirty (30) day suspension without pay for alleged violations of ATF policy associated with the events of early 2008, including the criminal charges which had been dropped, and assertions falsely made by Plaintiff Smalley's estranged wife.

28. These new allegations and the proposed 30-day suspension were challenged vigorously by Plaintiff Smalley, and remained pending in internal ATF processing for several additional months after being raised in September 2008. As noted, despite such challenges, Plaintiff Smalley received a new suspension without pay, for 14 additional days, through the correspondence from ATF dated March 26, 2009.

29. In April 2009, Plaintiff Smalley timely contacted his Federal employer's Office of Civil Rights with another Complaint of unlawful discrimination based upon race, and additionally based upon alleged reprisal for prior protected EEO activities, regarding the ATF determination to impose the additional suspension for fourteen (14) calendar days without pay against Plaintiff Smalley. A second formal EEO Complaint regarding this matter was filed by Plaintiff Smalley on May 1, 2009.

30. Plaintiff Smalley subsequently served this additional disciplinary suspension without pay commencing in late April 2009.

31. Again, the disciplinary action taken by ATF against Plaintiff Smalley is substantially more severe than similarly situated Special Agents of ATF who are not African-American, who are not Black, and who do not have a history of prior protected EEO activities with the Agency.

32. The injuries suffered by Plaintiff Smalley based on the unlawful discriminatory and retaliatory treatment he received from ATF include the following:

  a. Lost income from Federal employment for a period of not less than 63 days (the 2008 suspension without pay);

  b. An additional period of lost income from Federal employment for a period of not less than 14 days (the 2009 suspension without pay);

  c. In association with each suspension without pay, the loss of associated Federal employment benefits, including retirement credit, contributions to retirement pay, and loss of regular and sick leave benefits;

  d. Substantial damage to Plaintiff Smalley's professional reputation during periods of time when he would have been under consideration for promotion to Grade GS-1811-14 level positions, and the loss of career enhancing duty assignments;

  e. Personal injuries including damage to Plaintiff Smalley's physical and mental health;

  f. Because of the extended initial period in which Plaintiff Smalley was not being paid by his employer (the 2008 incident), he suffered from incidental injuries through adverse financial and credit impacts of his not being able to meet ongoing financial obligations, and not being able to sufficiently finance Court-ordered child support payments; and,

g. Significant incursion by Plaintiff Smalley of the costs, including attorneys' fees, of pursuing necessary and proper legal remedies through the administrative appeal process, MSPB and EEO proceedings, and Federal Court litigation.

### COUNT I - UNLAWFUL DISCRIMINATION BASED UPON RACE AND COLOR

33. Paragraphs 1 through 32 are herein incorporated by reference.

34. The actions identified herein constitute unlawful discrimination by the Defendant against Plaintiff Smalley under the laws herein cited, based upon Plaintiff's race (African-American) and Plaintiff's color (Black).

35. The explanations offered by the Defendant Agency to justify the adverse employment actions against Plaintiff Smalley described herein was false, inadequate to justify the disciplinary actions taken, and pretextual in nature.

36. Adverse actions taken by the Defendant Agency against Plaintiff Smalley were not taken against comparably situated white or non-African-American Special Agents of ATF.

37. Such unlawful conduct by the Defendant Agency resulted in past and future financial loss to Plaintiff Smalley as set forth herein, and further resulted in a loss to Plaintiff of professional esteem and standing, personal stress, and mental and physical pain and suffering.

### COUNT II - UNLAWFUL REPRISAL FOR PRIOR PROTECTED EEO ACTIVITIES

38. Paragraphs 1 through 37 are herein incorporated by reference.

39. The adverse employment actions identified herein as associated with the second filed EEO Complaint constitute unlawful reprisal by the Defendant against Plaintiff Smalley under the laws herein cited, based upon Plaintiff's prior protected EEO activities.

40. The explanations offered by the Defendant Agency to justify the adverse employment actions against Plaintiff Smalley described herein was false, inadequate to justify the disciplinary actions taken, and pretextual in nature.

41. Adverse actions taken by the Defendant Agency against Plaintiff Smalley were not taken against comparably situated white or non-African-American Special Agents of ATF who did not have a history of prior protected EEO activities.

42. Such unlawful conduct by the Defendant Agency resulted in past and future financial loss to Plaintiff Smalley as set forth herein, and further resulted in a loss to Plaintiff of professional esteem and standing, personal stress, and mental and physical pain and suffering.

## PRAYER FOR RELIEF

43. Paragraphs 1 through 42 are herein incorporated by reference.

44. Such injuries as are described in this Complaint warrant relief to Plaintiff Smalley of no less than the following:

    a. Full restitution to Plaintiff Smalley of all lost back pay and allowances resulting from the suspensions without pay as stated herein, with interest;

    b. Full restitution or compensation for loss of personal and sick leave;

    c. Restitution of full employment benefits associated with the periods of suspension without pay;

    d. Removal of all adverse employment records, statements and references to the suspensions without pay, including correspondence associated with such suspension, from Plaintiff Smalley's official personnel, financial, disciplinary and security clearance records;

    e. Payment of adequate compensation for Plaintiff Smalley's resulting financial losses and damages resulting from imposition of the first suspension without pay (2008);

   f. Payment to Plaintiff Smalley of an amount of compensatory damages of not less than $300,000.00; and,

   g. Recovery by Plaintiff Smalley of all costs and attorneys' fees associated with his administrative claims and this litigation.

WHEREFORE, Plaintiff Arnold Smalley respectfully requests that this Court enter judgment against Defendant on both Counts specified, and grant to Plaintiff Smalley the relief heretofore stated.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), trial by jury on all issued presented herein is respectfully demanded.

Dated: January 4, 2010.

            Respectfully submitted,

            */s/ Linda K. Davis*
            Linda K. Davis, Esq.
            Florida Bar No. 0299420
            LKDavis@LindaKDavisLaw.com
            Law Office of Linda K. Davis, P.A.
            633 SE 3d Avenue, Suite 202
            Fort Lauderdale, FL 33301
            Telephone: (954) 524-2280
            Facsimile: (954) 524-2281

            Michael W. Beasley, Esq.
            Appearing Pro Hac Vice
            michaelbeasley@nuttyboyz.com
            Law Office of Michael W. Beasley
            200 Park Avenue, Suite 106
            Falls Church, VA 22046
            Telephone: (703) 533-5875
            Facsimile: (703) 533-5876

            Attorneys for Plaintiff Arnold H. Smalley