UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21253-CIV-SEITZ/O'SULLIVAN

ARNOLD H. SMALLEY,

    Plaintiff,

v.

ERIC H. HOLDER, JR.,
In his official capacity as
United States Attorney General,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT I
## FOR LACK OF SUBJECT-MATTER JURISDICTION

THIS MATTER is before the Court on Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint [DE 28]. Plaintiff, a federal employee, alleges racial discrimination (Count I) and unlawful reprisal for the exercise of protected activities (Count II). [DE 25]. Defendant avers that Plaintiff failed to exhaust administrative remedies before filing suit and moves to dismiss Count I of Plaintiff's Amended Complaint for lack of subject-matter jurisdiction. As set forth more fully below, the Court will grant the motion because Plaintiff did not exhaust his administrative remedies in the forum he elected to appeal his first suspension, and he failed to obtain a right to sue letter with respect to his second suspension.[1]

**I.**     **BACKGROUND**

Plaintiff Arnold H. Smalley ("Smalley"), a federal law enforcement officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")[2] [DE 22, Ex. A ¶ (b)], alleges that ATF violated his civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). In particular, Smalley believes that ATF discriminated against him because of his race (African-American) and color (black), by suspending him without pay and suspending him in reprisal for filing a formal complaint with ATF's Office of

---

[1]Plaintiff has two suspensions, which he alleges were discriminatory actions, enveloped in Count I of his Amended Complaint. Because Smalley initiated separate administrative proceedings for each suspension, the Court must analyze subject-matter jurisdiction separately for each suspension.

[2]ATF is a federal agency under the United States Department of Justice. [DE 25 ¶ 3].

Civil Rights. Before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction raising the threshold issue of whether Smalley exhausted administrative remedies before filing suit in federal court.

### A. Smalley's First Suspension

On January 30, 2008, ATF notified Smalley that the efficiency of the agency warranted his indefinite suspension ("First Suspension Notice").[3] [DE 28, Ex. A, Attach. 1]. The suspension was based on reasonable cause to believe Smalley had committed a crime for which a term of imprisonment could be imposed because Smalley was arrested in two unrelated criminal matters: an arrest on February 9, 2007, for aggravated assault with a deadly weapon during a domestic dispute with his now former wife; and, an arrest on January 11, 2008, for leaving the scene of an accident involving Smalley's vehicle. [*Id.*] Smalley was indefinitely suspended without pay effective March 3, 2008 ("First Suspension"), pending resolution of the criminal proceedings. [DE 25 ¶ 6].

In Smalley's view, the indefinite suspension without pay was not warranted under the facts and circumstances, and on March 12, 2008, Smalley appealed the First Suspension to the Merit Systems Protection Board ("MSPB").[4] [*See id.* ¶ 7; DE 28, Ex. A, Attach. 5]. The assault charge involving Smalley's former wife was terminated on March 6, 2008, and the charge involving the hit-and-run matter was terminated on April 8, 2008. Subsequently, ATF lifted Smalley's First Suspension on May 5, 2008, and he returned to work on restricted duty status. [*Id.* ¶¶ 5-8].

On May 19, 2008, Smalley filed a discrimination complaint with ATF's office of Equal Employment Opportunity ("EEO") alleging that ATF discriminated against him on the basis of his race by placing him on indefinite suspension and further discriminated against him by placing him on restrictive duty status when he returned to work ("First EEO Complaint"). [*Id.* at 2]. However, because Smalley elected to file an appeal with the MSPB prior to filing his First EEO Complaint and both raise the same matters, procedural regulations mandated dismissal of Smalley's First EEO Complaint. [*See id.*, Ex. B]. After EEO dismissed the First EEO Complaint,

---

[3]Under 5 U.S.C. § 7513, an agency may take disciplinary action against an employee for such cause as will promote the efficiency of the agency.

[4]MSPB is an independent, quasi-judicial federal administrative agency established to review civil service claims. *See Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 818 (11th Cir. 2006).

Smalley amended his MSPB claim to include the same discrimination allegations. [*Id.*, Ex. A, Attach. 4].

### B. ATF Proposes A Second Suspension

On September 9, 2008, while Smalley's MSPB appeal of the First Suspension was pending, Smalley received a notice from ATF proposing a second suspension ("Second Suspension Notice") for thirty (30) days for exercising poor judgment when he committed various acts, including those cited in the First Suspension Notice.[5] [*Id.*, Ex. A, Attach. 6]. Smalley intended to appeal any disciplinary action ATF might take pursuant to the Second Suspension Notice and sought to terminate or suspend the MSPB appeal of the First Suspension so he could appeal both disciplinary actions in the same proceeding. [*Id.* at 4]. Although the Administrative Law Judge ("ALJ") hearing Smalley's appeal of the First Suspension denied Smalley's request to terminate or suspend the proceedings, the parties agreed to dismiss the pending MSPB appeal without prejudice to allow the underlying MSPB appeal to be refiled and adjudicated with any appeal Smalley may file relating to the Second Suspension Notice.[6] [*Id.*]

On September 19, 2008, the ALJ dismissed Smalley's claim without prejudice ("Initial Decision") to allow Smalley to refile once ATF took disciplinary action pursuant to the Second Suspension Notice. [*Id.*, Ex. A, Attach. 12]. Smalley had until October 24, 2008, to refile his claim with MSPB or seek full board review of the Initial Decision. [*Id.* at 4-5]. He never refiled his claim or petitioned the MSPB for review, so on October 24, 2008, the Initial Decision became final. [*Id.* at 5].

### C. Smalley Files Title VII Action In District Court

On November 24, 2008, while ATF still was investigating whether to take disciplinary action pursuant to the Second Suspension Notice, Smalley filed this action against ATF in federal district court.[7] Smalley's Complaint contains two counts, racial discrimination (Count I) and retaliation (Count II) under Title VII. [DE 1].

---

[5] The First Suspension Notice was based on reasonable cause to believe he had committed a crime for which a sentence of imprisonment may be imposed, the Second Suspension Notice was based upon a determination that Smalley had exercised poor judgment when he committed the acts underlying the arrests.

[6] The parties agreed that many of the same witnesses they would call in the MSPB appeal of the First Suspension Notice would be called as witnesses if Smalley appealed the Second Suspension Notice. [DE 28 at 4].

[7] This action originally was filed in the District of Columbia, but was transferred to the Southern District of Florida by consent of the parties on May 7, 2009 [DE 7, 8], Florida counsel for the parties entered their appearances in late July, 2009 [DE 9-13], and Smalley's amended complaint was docketed January 30, 2010 [DE 25].

Subsequently, on March 26, 2009, approximately four months after Smalley filed suit, ATF notified Smalley that based upon the poor judgment referenced in the Second Suspension Notice, the efficiency of the agency warranted Smalley's suspension for fourteen (14) days without pay. [DE 25 ¶ 27]. Smalley served the fourteen (14) day suspension in April 2009 ("Second Suspension"), and on May 1, 2009, Smalley filed a second EEO Complaint[8] ("Second EEO Complaint"). [DE 32 ¶¶ 6-7]. On January 29, 2010, Smalley amended his Complaint in this action to include the allegations of discrimination raised in the Second EEO Complaint "[b]ecause 180 days has passed since [he filed the Second] EEO Complaint."[9] [DE 23 ¶ 4; DE 25]. Defendant seeks dismissal of Count I of Smalley's Complaint under Rule 12(b)(1) arguing that Smalley did not exhaust administrative remedies before filing suit.

## II. DISCUSSION

### A. Legal Standard

Under Rule 12(b)(1), attacks on jurisdiction come in two forms: facial and factual. *Scarfo v. Victor Ginsberg, DBG 94, Inc.*, 175 F.3d 957, 960 (11th Cir. 1999). Defendant asserts a factual attack, arguing that Smalley failed to exhaust administrative remedies. When the attack on a court's subject-matter jurisdiction is factual, the Plaintiff's allegations do not carry the presumption of truthfulness and a court may consider matters outside the pleadings, such as testimony and affidavits, and also may weigh the evidence. *See id.* Furthermore, the Plaintiff bears the burden of proving that jurisdiction exists. *See OSI, Inc. v. U.S.*, 285 F.3d 947, 951 (11th Cir. 2002). In examining subject-matter jurisdiction to review an administrative decision, the Court first must consider the administrative background in which the exhaustion issue arises. The Court has done so in examining the attachments to the Motion to Dismiss.

---

[8]ATF acknowledged receipt of the Second EEO Complaint on May 27, 2009, and notified Smalley of acceptance of the Second EEO Complaint on October 22, 2009. [DE 32 ¶¶ 6-7].

[9]On October 22, 2009, ATF notified Smalley of its acceptance of the Second EEO Complaint. [DE 32 ¶ 7]. Otherwise, there is no indication in the record that ATF took any action with regard to the Second EEO Complaint.

**B.     *The Administrative Process***

A federal employee asserting a Title VII claim must exhaust administrative remedies before filing a discrimination action in federal district court. 29 C.F.R. § 1614.106; *Brown v. Snow*, 440 F.3d 1259, 1262-63 (11th Cir. 2006). Ordinarily, an employee who believes his employing agency discriminated against him must pursue the discrimination claim with the agency's EEO office. *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995) (citing 42 U.S.C. § 2000e-16). When pursuing the EEO route, the employee first must consult a Counselor in the agency's EEO office within forty-five (45) days of the effective date of the action. 29 C.F.R. § 1614.105(a). If the matter is not resolved in counseling, the Counselor will notify the employee that he can file an EEO Complaint within fifteen (15) days. *Id.* §§ 1614.105(d), 1614.106(b). When an employee files an EEO Complaint, the agency is required to conduct an investigation within one-hundred eighty (180) days. *Id.* § 1614.108(e). After conducting the investigation, the agency must provide the complainant with a copy of the investigative file and also must notify the complainant of his right to request a hearing before an ALJ or an immediate final decision from the agency. *Id.* § 1614.108(f). Also, at any time after one-hundred eighty days have passed since filing an EEO Complaint, the complainant may request a hearing before an ALJ. *Id.*

If the employee is aggrieved by the agency's resolution of the matter, the agency will notify the employee of his right to appeal to the Equal Employment Opportunity Commission ("EEOC"), or to file a civil lawsuit in federal district court. 29 C.F.R. § 1614.310(a). This right to initiate a lawsuit in federal district court is identical to the right of a private sector employee who has received a right to sue letter. *See Chandler v. Roudbush*, 425 U.S. 840, 844-45 (1976). Just as a private sector employee must receive a right to sue letter before initiating a Title VII action in federal district court, a federal employee also must receive a right to sue letter before filing suit under Title VII. 42 U.S.C. §§ 2000e-5(f), 2000e-16(d); *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). If the employee does not receive a right to sue letter within one-hundred eighty (180) days of filing discrimination charges with the agency, he must request and receive a right to sue letter before filing suit in federal court. 29 C.F.R. § 1601.28.

When the employee claims to have been affected by an adverse employment action and claims that the

action was motivated by discrimination, called a "mixed-case,"[10] the employee can choose between filing a mixed-case complaint with the agency's EEO office[11] and filing a mixed-case appeal with the MSPB. 5 U.S.C. § 7702(b); 29 C.F.R. § 1614.302; *Butler v. West*, 164 F.3d 634, 640 (D.C. Cir. 1999). When the federal employee elects to pursue a mixed-case appeal before the MSPB, the matter is first assigned to an MSPB administrative law judge, who renders an initial decision. 5 C.F.R. §§ 1201.41(b), 1201.111. Either party can petition the full board to review the initial decision, and if the Board denies the petition for review, the initial decision becomes final; if the Board grants review, the Board's decision is final when issued. *Id.* § 1201.113. If neither party petitions the MSPB for review by the full board within thirty-five (35) days, the initial decision becomes final. *Id.* After the MSPB's decision becomes final, the employee has an additional thirty (30) days to: (1) appeal the entire case to federal district court; (2) appeal only the discrimination claim to the EEOC; or (3) appeal only the adverse personnel action to the Federal Circuit. *Id.* Further, if the MSPB fails to render a judicially reviewable decision within one-hundred twenty days of filing the mixed-case appeal, the employee may file suit in federal district court. 5 U.S.C. § 7702(e)(1)(B).

C.  *Analysis*

Smalley avers that Count I of his Amended Complaint integrates two distinct and separate discrimination claims: the proceedings as to the First Suspension and the proceedings as to the Second Suspension. He invokes different bases of jurisdiction for each. The Court will address the jurisdictional bases as to the First Suspension and then the Second Suspension.

---

[10] In a mixed-case appeal, an employee "alleges that an appealable agency action was effected in whole or in part because of discrimination." 29 C.F.R. § 1614.302. The following agency actions are appealable to MSPB: "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." 5 U.S.C. § 7512. The First Suspension, although "indefinite," was for more than fourteen days and is therefore an agency action appealable to MSPB. The Second Suspension of fourteen days is not an action that is appealable to MSPB.

[11] If the employee chooses the EEO route, he may file a civil discrimination action in federal district court within thirty (30) days of a final decision, or after one-hundred twenty (120) days if the agency's EEO office has not issued a final decision. 5 U.S.C. §§ 7702(e)(1)(A), (e)(2); 29 C.F.R. §§ 1614.302(d)(1)(I), 1614.310(g); 5 C.F.R. § 1201.154.

1. *Smalley Did Not Exhaust Administrative Remedies Regarding The First Suspension.*

As to the discrimination claim arising out of his First Suspension, Smalley articulates three separate grounds for jurisdiction. He argues that the Court has jurisdiction over MSPB's Initial Decision dismissing his appeal because it is a final agency action from which he can appeal to the district court, but, if it is not a final agency action, then the Court has jurisdiction because the MSPB failed to take final action within one-hundred twenty (120) days. As a second alternative, Smalley argues that the Court has jurisdiction over his First EEO Complaint because the correspondence dismissing his First EEO Complaint states that he has a right to file a civil action in United States District Court.

It is clear from the record that Smalley failed to exhaust his administrative remedies in his appeal of the First Suspension before the MSPB. The ALJ dismissed Smalley's MSPB appeal without prejudice at Smalley's request without considering the merits of his MSPB Appeal. Technically, thirty-five (35) days after dismissal the Initial Decision became final, but only because Smalley did not refile his MSPB appeal and neither Smalley nor ATF petitioned the MSPB for full Board review. *See* 5 C.F.R. § 1201.113. "Even though the dismissal is 'final action,' which would normally trigger the right to sue . . ., [a] suit will be barred for failure to exhaust administrative remedies . . . [i]f a complainant forces an agency to dismiss or cancel the complaint." *Wilson v. Pena*, 79 F.3d 154, 164-65 (D.C. Cir. 1996).

Smalley made the election, granted to conserve his litigation costs, to abandon the MSPB proceeding as to his First Suspension. The purpose of exhaustion is "to give the agency the information it needs to investigate and resolve the dispute." *Wade v. Secretary of the Army*, 796 F.2d 1369, 1377 (11th Cir.1986). A complete record and final decision on the merits also promotes efficiency for the parties in a subsequent judicial proceeding. Smalley voluntarily dismissed his MSPB appeal and filed suit in district court, frustrating the administrative process.

Smalley's other bases for jurisdiction are equally unavailing. MSPB did not issue a judicially reviewable decision only because Smalley voluntarily dismissed his administrative appeal, which does not entitle him to district court review. Likewise, ATF dismissed Smalley's First EEO Complaint because he already raised the same

matter in his MSPB appeal. Although the agency's EEO and MSPB are alternate forums to file a mixed-case complaint, a federal employee is not entitled to proceed in both. Accordingly, the dismissal of Smalley's First EEO Complaint on the grounds that he was already proceeding before MSPB does not entitle Smalley to district court review of his First Suspension. Thus, Smalley failed to exhaust his administrative remedies. Therefore, this Court lacks jurisdiction over Smalley's discrimination claim based upon the First Suspension.

    2.    *Smalley Did Not Receive A Right To Sue Letter Regarding The Second Suspension.*

Smalley avers the Court has jurisdiction over his Second EEO Complaint pursuant to 29 C.F.R. 1614.407, on the basis that more than one-hundred eighty (180) days passed since he filed his Second EEO Complaint. [DE 25 ¶10]. Smalley argues that he met with a Counselor, timely filed his EEO Complaint with ATF on May 1, 2009, and when ATF did not render a final decision within one-hundred eighty (180) days, he was authorized by statute to file a civil action in federal district court. *Id.*; 42 U.S.C. § 2000e-16(c). Accordingly, on January 29, 2010, Smalley amended his federal court complaint to include the Second Suspension. [DE 25 ¶ 15]. Although ATF may not have investigated Smalley's claim as quickly as he would have preferred, Smalley still needed to obtain a right to sue letter prior to commencing suit. 42 U.S.C. §§ 2000e-5(f), 2000e-16(d); *Hill*, 352 F.3d at 1145. He did not. Because Smalley filed suit in federal district court but does not allege he obtained a right to sue letter, Smalley failed to exhaust administrative remedies, and this discrimination claim must be dismissed.

### III.   CONCLUSION

For the reasons set forth above, it is

ORDERED that

(1) Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint [DE 28] is GRANTED as to both suspensions.

(2) Count I of Plaintiff's Amended Complaint [DE 25] is DISMISSED.

DONE AND ORDERED in Miami, Florida, this 20 day of September, 2010.

                                                PATRICIA A. SEITZ  
                                                UNITED STATES DISTRICT JUDGE

cc:    Judge O'Sullivan  
        All Counsel of Record